UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY W. WALTERS,

                Plaintiff,

vs.

MICHAEL P. VALLANI, *et al*.,

                Defendants.

Case No. 2:09-cv-00505-KJD-GWF

**ORDER AND FINDINGS**
**AND RECOMMENDATIONS**

This matter is before the Court on Plaintiff Gary W. Walters' Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #1), filed March 16, 2009; Plaintiff's Motion for Early Case Conference and Scheduling Order (Dkt. #2), filed March 30, 2009; Defendant Michael P. Villani's Motion to Dismiss (Dkt. #3), filed April 9, 2009; Motion to Extend Time to Respond to Defendant's Motion to Dismiss (Dkt. #5), filed April 21, 2009; Motion to Amend/Correct Complaint (Dkt. #7), filed May 26, 2009; Motion for Court Ordered Federal Grand Jury Inquiry (Dkt. #8), filed August 4, 2009; Defendant Villani's Motion to Strike Motion for Court Ordered Federal Grand Jury Inquiry (Dkt. #9), filed August 25, 2009.

**DISCUSSION**

**I.      Application to Proceed *In Forma Pauperis***

Plaintiff Gary W. Walters filed the instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed *in forma pauperis* will be granted.

. . .

**II.     Motion to Amend the Complaint (Dkt. #7)**

Under Fed.R.Civ.P. 15(a)(2), once a defendant has filed a responsive pleading, a plaintiff may amend his complaint with the Court's leave.  The Court will grant leave to a plaintiff to amend his complaint "when justice so requires".  *Id.; Forman v. Davis*, 371 U.S. 178, 182 (1962); *Morongo Band of Mission Indians v. Rose*, 893 F.3d 1074, 1079 (9th Cir. 1990) (stating that Rule 15(a)'s "when justice so requires" clause should be heeded with "extraordinary liberality").  This Court has previously interpreted 15(a) to allow a party to amend pleadings "insofar as the motion to amend is not sought in bad faith, does not cause the opposing party undue prejudice and does not constitute an exercise in futility." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F.Supp.2d 1191, 1210 (D. Nev. 2009).  Plaintiff seeks leave to amend the complaint to add additional claims and defendants.  (Dkt. #7 at 1).  The Court finds that justice requires leave for Plaintiff to amend his complaint and that the motion to amend is not sought in bad faith, does not cause the defendants undue prejudice and does not constitute an exercise in futility.

**III.    Screening of Plaintiff's Amended Complaint**

    **A.     Background**

Plaintiff Gary W. Walters claims that Defendants violated his civil rights and engaged in a conspiracy to defraud him from the purchase of real property within Clark County, Nevada.  According to the Amended Complaint, in February 2008,  Plaintiff was charged with several counts of theft and prosecuted before Judge Michael P. Villani in Clark County District Court in the state of Nevada. (Dkt. #7).  Plaintiff states that he was wrongfully convicted during the criminal trial and that the Assistant District Attorneys involved violated his civil rights by prosecuting Plaintiff for charges he did not commit and objecting to the way Plaintiff wanted to defend the case. (Dkt. #7-2 at 5).  Plaintiff also claims Judge Villani violated his civil rights during the criminal trial by not allowing Plaintiff to explain to the jury that Plaintiff had a civil RICO action pending against several prosecution witnesses and the state of Nevada.  (*Id.*)

In addition, Plaintiff claims that he is the victim of a conspiracy to deprive him of real property in 2002 and 2003. (Dkt. #7-2 at 11-12).  The details of the conspiracy are not clear to

1  the Court from the language in Plaintiff's lengthy and confusing Amended Complaint. As best
2  as the Court can decipher, Plaintiff claims he was the victim of a conspiracy to defraud home
3  purchasers of real property. The Amended Complaint states that in late 2002, Plaintiff agreed to
4  purchase a home from Defendant Robert Garcia. (*Id.* at 11). In early 2003, Plaintiff placed
5  $80,000 in escrow for the purchase of the home. (*Id.*) After the money had been placed into
6  escrow, Plaintiff discovered that an additional party, Larcellous Wilson, claimed he was owed
7  money from a prior sale of the property. (*Id.* at 12). Mr. Wilson presented Plaintiff with a "due
8  on sale demand" and trust deed stating that Mr. Wilson was a partial owner of the property. (*Id.*)
9  Mr. Wilson allegedly stated that he still held a debt on the property, which was to be settled upon
10 Defendant Garcia selling the home. (*Id.*) As the debt had not been settled after the sale to
11 Plaintiff, Mr. Wilson allegedly stated that Plaintiff now owed Mr. Wilson for the debt on the
12 property. (*Id.*) Plaintiff claims that Defendant Garcia knowingly sold him the home without
13 informing him of Mr. Wilson's ownership interest or any existing "due on sale" clause in the sale
14 contract. (*Id.*)

15 Based on these factual allegations, Plaintiff has filed claims alleging deprivation of his
16 Fifth, Sixth, Eighth and Fourteenth Amendment rights under 18 U.S.C. § 241-42 and 42 U.S.C.
17 §§ 1983, 1985-86. Plaintiff also claims the defendants' actions constitute a civil RICO violation
18 under 28 U.S.C. 18 U.S.C. § 1964.

19 **B.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

20 Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
21 redress from a governmental entity or officer or employee of a governmental entity. *See* 28
22 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any
23 claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
24 monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-
25 (2).

26 In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal
27 court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is
28 frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). As Plaintiff's Motion to Amend Complaint (Dkt. #7) has been granted, the Court will screen Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A(a).

. . .

. . .

. . .

**C.     Screening the Amended Complaint**

    1.    <u>42 U.S.C. § 1983 claims</u>

        a.    <u>Claims against Defendant Michael P. Villani</u>

Plaintiff's Amended Complaint names Clark County District Court Judge Michael P. Villani as a defendant based on the judicial decisions made by Defendant Villani. Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Here, Plaintiff's allegations against Defendant Villani relate to judicial decisions and acts which occurred during Plaintiff's state court criminal trial. As a result, the Court will recommend that Plaintiff's claims against Defendant Michael P. Villani be dismissed with prejudice on grounds of judicial immunity.

        b.    <u>Claims against Clark County Assistant District Attorneys</u>

Plaintiff claims that several unnamed Clark County Assistant District Attorneys violated his due process rights through their actions during the prosecution of Plaintiff in his state court criminal trial. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from a section 1983 civil suit for damages related to the presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff's allegations relate to prosecutorial functions intimately associated with the judicial phase of the criminal process. As a result, the Court will recommend that Plaintiff's claims against unnamed Clark County Assistant District Attorneys be dismissed on grounds of prosecutorial immunity.

        c.    <u>Claims against the State of Nevada</u>

Under the Eleventh Amendment to the U.S. Constitution, plaintiffs are barred from bringing suit against states in federal court. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d

775, 777 (9th Cir. 2005). States are therefore immune from suit under the doctrine of sovereign immunity and should be dismissed as a named party from civil rights suits. *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (finding states are not persons for purposes of § 1983 civil rights actions). Therefore, the Court will recommend that Plaintiff's claims against Defendant State of Nevada be dismissed as the state is immune from suit.

                                            d.        <u>Remaining 42 U.S.C. § 1983 claims</u>

To have a claim under 42 U.S.C. § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

As discussed above, the Court will recommend dismissal of Michael Villani, unnamed Assistant District Attorneys and the State of Nevada as Defendants. Plaintiff has failed to show that the remaining defendants were operating as state actors when his rights were allegedly violated. As a result, Plaintiff fails to state a § 1983 claim upon which relief may be granted.

                                  2.        <u>42 U.S.C. § 1985-86 and 18 U.S.C. 241-42 claims</u>

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

1        "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102 (emphasis added); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). The Ninth Circuit has extended § 1985(3) "beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever*, 978 F.2d at 1536 (citation and internal quotations omitted). "More specifically, [the Ninth Circuit] require[s] 'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" *Id.* (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam)); *see also Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005); *Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994). Plaintiff alleges that several parties conspired to defraud Plaintiff and embezzle real property and money from him. However, the amended complaint fails to allege any racial or otherwise class-based invidiously discriminatory animus behind the alleged conspirators' action. *See Griffin*, 403 U.S. at 102. As a result, Plaintiff's allegations do not satisfy the elements for a § 1985 claim and Plaintiff's § 1985 claims will be dismissed.

        Section 1986 "authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ; *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1991). As discussed above, Plaintiff has failed to raise a valid § 1985 claim, and therefore Plaintiff's § 1986 claims will be dismissed as well.

        Finally, Plaintiff claims that the alleged conspiracy to deprive him of his rights violates 18 U.S.C. §§ 241 and 242. Sections 241 and 242 of Title 18 "provide for criminal liability against persons who conspire to 'injure, oppress, threaten, or intimidate' any citizen in the free exercise of any right secured by the Constitution. *Larsen v. Larsen*, 671 F.Supp. 718, 719 (D.

1   Utah 1987), *aff'd* 871 F.2d 1095 (10th Cir. 1989), *cert. denied* 493 U.S. 844 (1989).  However,

2   there is no private right of action under those provisions and therefore to the extent plaintiff seeks

3   relief under those provisions his Amended Complaint is dismissed.  *See Id.*; *Pawelek v.*

4   *Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D.Ill.1983).

5                   3.      Civil RICO claims

6          Plaintiff alleges that the remaining defendants violated the civil RICO statute by allegedly

7   defrauding him of real property through the operation of a corrupt enterprise starting in late 2002

8   and early 2003.  There is a four year statute of limitations for bringing a civil RICO claim.

9   *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).  The civil RICO

10  limitations period "begins to run when a plaintiff knows or should know of the injury that

11  underlies his cause of action."  *Grimmett v. Brown*, 75 F.3d 506, 510-13 (9th Cir. 1996) (holding

12  that the Ninth Circuit followed the "injury discovery" rule for determining the accrual of an

13  action) (citing *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th

14  Cir.1987).  The plaintiff need not discover that the injury is part of a "pattern of racketeering" for

15  the period to begin to run.  *Grimmett*, 75 F.3d at 510-12 (citing *McCool v. Strata Oil Co.*, 972

16  F.2d 1452, 1465 (7th Cir.1992)).  Plaintiff's Amended Complaint states that he became aware of

17  the alleged civil RICO conspiracy in early 2003 when Mr. Wilson attached a "due on sale

18  demand" to the front door of Plaintiff's home.  At that point, or soon thereafter, Plaintiff alleges

19  that he uncovered the details of the alleged civil conspiracy whereby defendants allegedly

20  defrauded him of his home.  Plaintiff filed his Application for Leave to Proceed *In Forma*

21  *Pauperis* and attached Amended Complaint in this action on March 16, 2009.  (*See* Dkt. #1).  As

22  a result, the four year statute of limitations has passed for Plaintiff to file a civil RICO claim for

23  the events that occurred in 2002 and 2003.  The Court finds Plaintiff has failed to state a claim

24  upon which relief may be granted and will dismiss Plaintiff's civil RICO claims.

25  **IV.**    **Plaintiff's Motion for a Court-Ordered Grand Jury (Dkt. #8)**

26         Plaintiff requests that the Court order a grand jury to convene to investigate Plaintiff's

27  allegations against Defendants discussed above.  (Dkt. #8).  Defendants object to the motion and

28  request that the motion for a grand jury be struck.  (Dkt. #9).  The decision whether to prosecute

and what charge to file or bring before a grand jury are decisions that lay within a prosecutor's, rather than the Court's, discretion. *See Brown v. Gomez*, 19 Fed.Appx. 513 (9th Cir. 2001) (citing *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1366 (9th Cir.1987)); *see also* 18 U.S.C. § 3332(a); *United States v. Oldfield*, 859 F.2d 392, 398 (6th Cir.1988). Therefore, the Court will deny Plaintiff's request for the Court to order a grand jury convened. Defendants' motion to strike Plaintiff's request for a grand jury will also be denied.

**V.     Plaintiff's Motion for Early Case Conference and Scheduling Order (Dkt. #2)**

The Court will deny Plaintiff's Motion for an Early Case Conference and Scheduling Order (Dkt. #2) as premature in light of the dismissal of Plaintiff's Amended Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint (Dkt. #7) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint (Dkt. #7).

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Dkt. #7) shall be **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff shall have **thirty (30) days** from the date of the entry of this Order to file his Second Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in the dismissal of this action.

. . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Early Case Conference and Scheduling Order (Dkt. #2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss (Dkt. #5) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Court-Ordered Grand Jury (Dkt. #8) and Defendant's Motion to Strike (Dkt #9) are **denied**.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendants Michael P. Villani, Doe Assistant Clark County District Attorneys and the State of Nevada be **dismissed with prejudice** due to Plaintiff's failure to state a claim upon which relief may be granted and these defendants' immunity from civil rights claims under 42 U.S.C. § 1983.

**IT IS FURTHER RECOMMENDED** that Defendant Michael P. Villani's Motion to Dismiss (Dkt. #3) should be **dismissed** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 27th day of October, 2009.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**